## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

MOSES EASTER, JR., AND EASTER AND COMPANY, INC. v. PRESTON DAY.

March 5, 1973.

Record No. 8047.

Present, All the Justices.

*Philip S. Walker*, for plaintiffs in error.

*F. Lee Cogdill* (*William Mills Krieger; Cogdill, Corbett, Friend & Krieger*, on brief), for defendant in error.

Per Curiam.

The controlling question presented in this case is whether the evidence is sufficient to sustain the judgment entered on a jury verdict in favor of Preston Day against the defendants, Moses Easter, Jr., and Easter and Company, Inc., for the alleged loss sustained by Day as a result of the failure of defendants to file an application on Day's behalf for an FHA loan on certain real property that he desired to purchase.

The evidence shows that Preston Day and his wife, Nancy, owned a dwelling house in the City of Newport News, Virginia, as tenants by the entirety with the right of survivorship. The Days were having marital difficulties, and on March 16, 1970, Mrs. Day obtained a divorce from her husband.

In February of 1970 Day obtained, through Moses Easter, Jr., of Easter and Company, a real estate firm, a "VA appraisal" showing that

the value of the property was $29,500. There was a mortgage on the property with an approximate balance due of $7,000. Day offered Mrs. Day $3,000 for her interest in the property, which she rejected. On March 26, 1970, the Days listed the property for sale with Easter and Company for $29,500. Day, through Easter, again sought to purchase his former wife's interest by offering $5,000, which she rejected. After Easter was unsuccessful in obtaining a buyer at the listed price of $29,500, and Day was unable to purchase his former wife's interest, he (Day) on May 4, 1970, filed a suit praying that the property be partitioned in accordance with one of the methods provided by law.

At the hearing before a commissioner in the partition suit the property was appraised at values ranging from $21,900 to $22,500. Day, at the commissioner's hearing, submitted an offer of $15,000 for the property. He also made a second offer of $5,000 for Mrs. Day's interest. No decree was ever entered directing that either offer be accepted.

On June 1, 1970, Mrs. Day's attorney notified Easter in writing that he was authorized by Mr. and Mrs. Day to reduce the asking price of the property to $22,500, and if no buyer were found at that price to lower the price to $21,900.

Day advised Easter on July 29, 1970, that he was still interested in acquiring the property and would need a loan of $16,000. He made out an application for a $16,000 FHA loan and paid Easter $25.00, $10.00 of which was for a credit report, to process his application. Easter testified that he told Day that he could not submit the application to FHA until he had a contract to purchase the property or had obtained a letter from counsel stating that Day could acquire title to the property if the loan was approved. Day denied that Easter advised him that such information was required before his application would be forwarded to FHA.

On September 1, 1970, Easter obtained an offer in writing from Sarah Goodrich to purchase the property for $21,700. The offer was accepted by the Days and both Mr. and Mrs. Day signed the contract. When Day's attorney forwarded the completed contract to Easter on September 2 he advised him that, if Mrs. Goodrich was unable to finance the purchase, he should proceed with Day's application, because Day was then in a position to acquire title to the property.

By a decree entered on November 9, 1970, the sale to Sarah Goodrich was approved and the partition suit was dismissed.

The verdict of the jury, upon which judgment was entered, is not supported by the evidence. There is no evidence that Day could have purchased the property even if Easter had processed his application for the loan. His several offers to purchase his wife's interest in the property were rejected, and his offer to purchase the property for $15,000 was far below the amount fixed by the commissioner as its fair value. No decree was ever entered accepting Day's offers submitted to the commissioner. The fact that he may have suffered a loss in not acquiring the property cannot be attributed to the failure of defendants to submit his application for an FHA loan. Moreover, Day signed the contract to sell the property to Sarah Goodrich before his counsel advised Easter to process Day's application in the event Mrs. Goodrich was unable to finance her purchase.

For the reasons stated, the judgment is reversed and final judgment is here entered for the defendants, Moses Easter, Jr., and Easter and Company, Inc.

*Reversed and final judgment.*